UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT

2004 MAR 29  P 12: 44

LUCY VACCARELLA                    )
    Plaintiff                      )          U.S. DISTRICT COURT
                                   )            BRIDGEPORT, CONN
V.                                 )        Civil Action No.
                                   )        301-CV834 (WWE)
                                   )
WAL-MART STORES, INC.              )
    Defendant                      )        MARCH 26, 2004

## DEFENDANT'S TRIAL MEMORANDUM

I.    BRIEF SUMMARY OF CASE

On November 20, 1999 Plaintiff, Lucy Vaccarella was shopping at the Wal-Mart store located at 1100 New Haven Road Naugatuck, Connecticut. As she was standing in the aisle, she claims that a cart being pushed by a Wal-Mart associate made contact with her low back area. As a result, Plaintiff claims to have suffered personal injuries and damages.

A.  Wal-Mart's statement of the nature of the case.

Wal-Mart denies that it was negligent in any respect and further denies that any negligence on its part caused the Plaintiff's alleged injuries. Wal-Mart further contends that the Plaintiff's claims are either barred or partially precluded under Connecticut General Statutes § 52-572h(b) inasmuch as her negligence exceeded the negligence, if any, of Wal-Mart, insofar as Plaintiff knew of, or should have seen, the condition of which she complains and circumstances of which Plaintiff alleges in her complaint were open and obvious, and, therefore, should have been avoided. Further, Wal-Mart denies that Plaintiff's alleged injuries were proximately caused by the incident at Wal-Mart.

II.   DEFENDANT'S PROPOSED VOIR DIRE

1

(Prior to commencement of jury selection, the defendant may submit additional proposed questions and/or delete one or more of the following questions).

1.      Have you, a family member, or close friend ever been involved in or witness to an accident in which someone claimed to have been injured? If so, would that in any way affect your ability to serve as a fair and impartial juror in this case?

2.      Have you, a family member, or close friend ever been a plaintiff or a defendant in a civil law suit? If so, would that in any way affect your ability to serve as a fair and impartial juror in this case?

3.      Have you, a family member, or close friend suffered any injuries at Wal-Mart or any other discount department store?

4.      Have you, a family member, or close friend ever been employed by Wal-Mart or any other discount department store?

5.      Have you or any family member ever worked at a job in which you were responsible for safety? Or were required to perform safety inspections?

6.      Do you have any preconceived notions that because a person has filed a lawsuit that person's claim must be true?

7.      Do you understand that it is the plaintiff's duty to prove that the defendant is liable for the plaintiffs' injuries?

8.      Will you keep an open mind until after you have heard all of the evidence and the court has instructed you on the law?

9.      Is there any person here who cannot put aside his or her feelings of sympathy for a person in deciding the facts of the case and in applying the law as instructed by the Court?

10.     Is there any person here who has previously served on a jury? If so, would you please state where that jury service was, and whether it was in a civil or criminal case?

11.     Is there any member of the panel who feels unable to be fair and impartial in hearing a case against Wal-Mart Company merely because it is a company?

12.     Do you understand that Wal-Mart is entitled to the same fair trial at your hands as a private individual? Would you give Wal-Mart the same fair and equal treatment as you would to an individual party?

13.     Is there any person here who would have any difficulty whatsoever in applying the law, even if you disagree that the law is what I say or believe the law should be different?

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW • FIVE GRAND STREET • HARTFORD, CONNECTICUT • 06106-1505 • JURIS NO. 31232
(860) 527-4226 • FAX # (860) 527-0214

14.    Is there any person here who, if they found that the defendant were responsible as the plaintiff claims, could not limit his or her decision as to the damages in this case to only the fair and reasonable damages that are permitted by law? In other words, is there any person here who believes that he or she is free to award damages as punishment rather than as compensation?

15.    Is there any reason we have not discussed why you could not render a fair or impartial verdict in this case?


III.    DEFENDANT'S PROPOSED WITNESSES

1) Dr. Patrick Carolan, Merritt Orthopedic Group, 3909 Main Street, Bridgeport, CT 06606.

    Dr. Carolan will testify as to his review of records and reports pertaining to the Plaintiff's treatment, her prior treatment and deposition testimony taken in conjunction with this lawsuit. He will also testify as to his review of radiographic studies.

    Length of testimony:  Direct Examination – 1.5 hours; Cross-Examination – 1.0 hour.

2) Kathleen Wolniak, Wal-Mart Stores, Inc., Naugatuck, CT.

    Ms. Wolniak will testify as the information provided in her Interrogatory responses as well as the company file/investigation regarding the incident.

    Length of Testimony:  Direct Examination - .75 hour; Cross-Examination - .75 hour.

3) Edward Yanavich – witness, 132 Oakville Avenue, Waterbury, CT

    Length of Testimonty:  Direct Examination - .5 hour; Cross-Examination - .5 hour

4) Rita Carol1, Wal-Mart Stores, Inc.

    Ms. Carol will testify that she was employed as the Assistant Manager at store #2284 on the date of the incident in question. She will also testify as to her knowledge of the incident.

    Length of testimony:  Direct Examination - .75 hour; Cross-Examination - .5 hour.

5) Phillip Dillinger, Wal-Mart Stores, Inc.

    Phillip Dillinger will testify that he had a telephone conference with the Plaintiff several days following the accident in question. Further, Mr. Dillanger will testify as to his company file/investigation.

3

Length of testimony:  Direct Examination - .75 hour; Cross-Examination - .5 hour.

V    DEFENDANT'S PROPOSED LIST OF EXHIBITS.

1)  Copy of Complaint for September 20, 1992 motor vehicle accident filed at the Waterbury Superior Court (Lucy Vaccarella v. Marcus Trepiccione).

2)  Certified or copy of Complaint for May 2, 1993 fall down accident (Lucy Vaccarella v. Camillia Iarrapino, Jr.).

3)  Naugatuck Valley Medical Association reports, Dr. Savarese – 9/5/90, 9/14/90, 9/24/90, 9/21/92, 9/28/92, 10/5/92, 10/9/92, 10/16/92, 10/19/92, 12/16/92, 1/15/93,1/2/93, 1/25/93, 3/16/93, 3/26/93, 4/12/93, 5/3/93, 5/19/93, 11/5/93.

4)  Richard A. Matza, M.D. reportS – 10/27/93, 11/29/93, 12/15/93, 1/5/94,  3/9/94, 3/21/94, 4/6/94, 2/10/95, 3/2/95, 4/3/95, 5/1/95, 5/9/95, 5/16/95, 6/9/95, 7/10/95, 8/7/95, 8/28/95, 8/30/95, 10/23/95, 10/8/95, 1/11/96, 2/16/96, 3/15/96, 3/28/96, 4/17/96, 5/29/96, 8/5/96, 9/16/96, 11/26/96, 2/10/97, 3/3/97, 4/9/97, 5/20/97, 7/16/97, 8/13/97.

5)  Arthritis Center of Connecticut Rehabilitation Services/ Dr. Richard A. Matza reports - 11/11/93, 11/16/93, 11/24/93, 12/2/93, 9/14/97.

6)  Physical Therapy Associates of Connecticut/Progress Notes – 2/1/93, 2/5/93, 2/8/93, 2/12/93, 2/15/93, 2/19/93, 2/24/93, 2/26/93, 3/1/93, 3/3/93, 3/8/93, 3/10/93, 3/12/93.

7)  Waterbury Hospital Health Center report – 9/20/92.

8)  Waterbury Hospital Department of Radiology report – 9/20/92, 1/29/95, 5/9/95.

9)  Saint Mary's Hospital Radiology report – 10/1/92.

10)  Saint Mary's Hospital X-ray films and report – 10/1/92.

11)  Saint Mary's Hospital X-ray films and report – 12/30/92.

12)  Glen Taylor, M.D., Orthopedic Surgery and Spine Care report – 11/3/92.

13)  Saint Mary's Hospital Operative Report/Dr. Richard Matza – 3/1/94.

14)  Saint Mary's Hospital report covering lumbar mylegram and CT scan – 12/17/93.

15.  CVS Pharmacy prescriptions from Dr. Edgar Savarese – 1/28/94, 2/7/94.

16)  Shop Rite Pharmacy prescription from Dr. Michael D. Savarese – 4/21/93, 1/12/94.

17)  CVS Pharmacy – 12/8/93.

4

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW • FIVE GRAND STREET • HARTFORD, CONNECTICUT • 06106-1505 • JURIS NO. 31232
(860) 527-4226 • FAX # (860) 527-0214

18)  Edward's Pharmacy, Dr. Richard Matza – 12/16/93.

19)  Cardiology Associates of Waterbury report – 1/24/94.

20)  Naugatuck Valley MRI Center, MRI lumbar spine – 12/2/93.

21)  Plaintiff, Lucy Vaccarella's Answers to Defendant's Interrogatories in the case of <u>Lucy Vaccarella v. Camillia Iarrapino, Jr.</u>, certified December 6, 1993.

22)  Answers to Interrogatories in <u>Lucy Vaccarella v. Cammilia Iarrapino, Jr.</u>, certified December 2, 1994.

23)  Portions of deposition transcript of the deposition of Lucy Vaccarella taken on February 22, 1995.

24)  Saint Mary's Hospital reports – 9/4/90, 9/14/90, 9/20/92, 1/29/96, 2/27/97, 7/2/97, 7/13/97, 6/4/98, 9/3/98, 11/21/98, 2/29/00, 9/7/00.

25)  Dr. Robert S. Wetmore report – 8/31/94.

26)  Dr. Charles Beaumont reports – 9/16/94, 10/21/94, 2/3/95, 6/26/95, 10/26/95, 1/25/96, 3/5/96, 5/20/96, 8/6/96.

27)  Neurosurgery Associates of Northwest Connecticut reports – 6/5/95, 4/18/97.

28)  Greater Waterbury Imaging Center report - 8/19/95.

29)  Rehabilitation Medicine Associates, Dr. Arlen Lichter, report – 11/20/95.

30)  Diagnostic Imaging Associates report – 6/24/97.

31)  Project Care, Inc. Hallman Hospice Services reportS – 7/1/97, 7/7/97, 7/9/97, 7/30/97.

32)  Dr. Karnasiewicz reportS – 9/15/97, 1/5/98.

33)  Dr. David Kloth reports – 5/20/98, 8/28/98, 12/2/99, 1/13/00, 1/27/00, 2/24/00, 2/29/00, 3/23/00, 4/6/00, 4/20/00, 5/25/00, 6/22/00, 11/9/00, 1/18/01, 3/1/01.

34)  NVRA Imaging Network report – 6/29/98.

35)  Naugatuck Valley Surgical Center – Pain Management recordS – 7/30/98, 5/4/00, 2/1/01.

36)  Dr. Patrick Carolan report – 10/23/02.

5

37) Dr. Patrick Carolan – Curriculum Vitae.

38) Social Security Disability Application and/or file of Lucy Vaccarella.

39) Portions of the deposition transcript of Ed Yanovich

V.    MOTIONS IN LIMINE

1) Defendant's Motion in Limine to Preclude Medical Bills Summary in the amount of $162,725.43 as medical bills do not total this amount and portion unrelated.

2) Defendant's Motion in Limine to Preclude Medical Evidence from Dr. David Kloth subsequent to his final report dated May 20,2002.

3) Defendant's Motion in Limine to Preclude Medical Evidence from Dr. Waitz causally connecting any claimed treatment and surgery performed by him as related to the accident in question.

VI.    PROPOSED JURY INSTRUCTIONS

**ROLE OF JURORS**

You have heard the evidence and arguments of counsel. I shall now instruct you concerning the law applicable to this case. You are the judges of the facts. It is your duty to decide the facts in this case, based on the evidence. It is your duty as jurors to follow the law as I shall state it to you and to apply that law to the facts as you find them. You may not decide what you think the law is or ought to be. The instructions will cover a number of principles of law. You should not single out any one instruction. The instructions as a whole constitute the law of this case and must be applied as a whole. Regardless of any opinion you may have to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than the instructions of the court. It would also be a violation of your sworn duty to find the facts, to base any finding of fact, other than on the evidence presented to you in this case.

3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, §72.01 (4th ed. 1987).

6

## JURY TO BE IMPARTIAL

In deciding the *facts,* you must not be swayed by bias *or* prejudice for *or* against any party. The law does not permit jurors to be influenced by prejudice *or* sympathy *or* public opinion. You will carefully and impartially consider all of the evidence in the case, apply the law as stated by the court, and reach a just verdict without regard to its consequences. This case should be considered and decided by you as between persons of equal standing in this court. All persons stand equal before the law and are to be treated equally in a court of justice.

3 Devitt, Blackmar & Wolff, Federal <u>Jury </u>Practice and Instructions, §71.01 (4th ed. 1987).

## DEFENDANT'S CORPORATION

A corporation is entitled to the same consideration at your hands as would be given to. an individual. Corporations stand equal with any person before the law and are to be dealt with as equals in a court of justice. Were you, for example, to impose liability upon the defendant simply because it is a corporation, you would violate *your* sworn duty under the law. The court, the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a jury verdict free from all personal sympathies and prejudices.

Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>, §71.01 (4th Ed. 1987).

## BURDEN OF PROOF

In a civil action, each party who makes a claim has the burden of proving every essential element of the claim by a preponderance of the evidence." There will be repeated-references in this charge to the obligation to prove a claim or a fact. Though not repeated,

7

you will understand that each reference to the burden of proof incorporates the requirement that the burden of proof must be met by a preponderance of the evidence.

 3 Devitt, Blackmar & Wolff, <u>Federal Jury Practice and Instructions,</u> §72.01 (4th ed. 1987).

## PREPONDERANCE OF THE EVIDENCE

A preponderance of the evidence as to a fact means such evidence as, when considered and compared with all the evidence which bears on that fact, is more convincing and produces in your minds a belief that the fact is more likely true than not true. In other words, to establish a claim or fact by a "preponderance of the evidence" merely means to prove that the claim or fact is more likely to be true than not to be true. If the proof should fail to establish any essential element of a claim or defense by a preponderance of the evidence, the jury should find that claim or defense not to have been proved.

<u>Busker v. United Illuminating Co.,</u> 156 Conn. 456, 458, 242 A.2d 708 (1968);

<u>Hennessev v. Hennessey,</u> 145 Conn. 211, 214, 140 A.2d 473 (1958).

## EVIDENCE-DIRECT AND CIRCUMSTANTIAL

Evidence is direct if it has a direct and immediate quality by which a fact is proven. Evidence may be circumstantial, that is it may give rise to inferences probative of issues in this case. From facts *you* find to be proven, *you* may draw such inferences as are reasonable and logically flow from the facts. You may not guess or speculate as to any fact, but *you* may draw inferences as to particular facts if such inferences are reasonable, in the light of common experience and are based on facts *you* find proven. In other words, *you* may make deductions and draw conclusions based on reason and common sense and facts established to your satisfaction by the evidence.

<u>Terminal Taxi Co. v. Flvnn,</u> 156 Conn. 313, 316, 240 A.2d 881 (1968);

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW • FIVE GRAND STREET • HARTFORD, CONNECTICUT • 06106-1505 • JURIS NO. 31232
(860) 527-4226 • FAX # (860) 527-0214

<u>Hennessey v. Hennessey,</u> 145211,214-15,140 A.2d 473 (1958).

## CREDIBILITY OF WITNESSES

I have said that you must consider all of the evidence, but you are the sole judges of what facts you find to have been proven by the evidence. You are not obliged to accept all of the evidence as true or accurate. You are the sole judges of the credibility or "believability" of each witness. You are the sole judges of the weight to be given to the testimony of a particular witness or to an exhibit. Thus, you alone decide the weight of the evidence which bears on the existence or non-existence of a particular fact. In weighing the testimony and credibility of a witness you should consider any relationship to any party: the witness' interest, if any, in the outcome of the case; the manner of testifying; the opportunity to observe or acquire knowledge pertaining to the facts concerning which the witness testified; the witness' candor, objectivity, consistency, fairness and intelligence; and the extent to which the testimony has been supported or contradicted by other credible evidence. You may accept or reject the testimony of any witness in whole or in part. You must decide what is the most accurate, credible, trustworthy, reliable evidence. The weight of the evidence as to a particular fact is not necessarily determined by the number of witnesses or exhibits, nor by which party produced the most witnesses or exhibits. It is the quality of the evidence that supports a finding as to a particular fact that should control, whether that evidence comes from a single source or many sources. Thus, the number of witnesses who support a particular fact is not necessarily controlling.

3 Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions.</u> §73.01 (4th ed. 1987).

## EXPERT WITNESSES

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW • FIVE GRAND STREET • HARTFORD, CONNECTICUT • 06106-1505 • JURIS NO. 31232
(860) 527-4226 • FAX # (860) 527-0214

When scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness -qualified as-an expert by knowledge, skill, experience, training, or education, may testify and state an opinion concerning such matters. You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. The weight or credence you give to an opinion of an expert may be based upon the sufficiency of the witness' education and experience, the soundness, reason and logic of the basis given in support of the opinion, whether the opinion is consistent with or contradicted by other evidence, and the extent to which the opinion is based on facts you find to have been proven. You may accept or disregard any opinion in whole or part.

3 Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §72.08(4th ed. 1987).

## IMPEACHMENT OF WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, and thus has been inconsistent with his present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves. If a witness testifies untruthfully in some respect, you may consider that fact in deciding what credence you will attach to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of such a witness, in either case in whole or in part.

See Charge to the Jury delivered by Honorable Jose A. Cabranes in Paul Kania v. Volkswagen Aktienaesellschaft. et al., Civil No. H-86-1116 (JAC)

## LAWYER'S OBLIGATION

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW • FIVE GRAND STREET • HARTFORD, CONNECTICUT • 06106-1505 • JURIS NO. 31232
(860) 527-4226 • FAX # (860) 527-0214

During the course of the trial, counsel have stated their objections to questions that have been asked. Some of the objections were sustained and some-were overruled. Read nothing whatsoever into these objections and rulings. They relate strictly to questions of law which I respectfully say to you are not the jury's concern. Reasonable persons may differ on questions relating to the admissibility of evidence. Attorneys very properly argue for the ruling which they deem most favorable to their side. It would be unfair for the jury to penalize a party because of rulings on evidence made by the court. For the purposes of this trial, the parties must abide by the judge's rulings and the jury should too. You must not speculate for one moment on what an answer might have been had it been permitted or why an objection was made or sustained or overruled. Your decision must be based solely on the evidence that was admitted. In your deliberations you are only to consider the evidence that has been introduced, which is the testimony from the witness stand or contained in the exhibits, and you are not to consider as evidence any statements made by any attorney in his or her examination of any of the witnesses or argument to you.

## UNCONTRADICTED TESTIMONY

You are not required to accept testimony, even if the testimony is uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient to you, that the testimony is not worthy of belief.

Devitt & Blackmar, Instructions § 17.21.

## PROXIMATE CAUSE

If you find that the defendant was negligent, the next element, which the plaintiff must prove is that such defendant's act or inaction, was a proximate cause of the injuries sustained by

11

the plaintiff.    Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the injury, that is, the injury or damages was a reasonably foreseeable consequence of the defendant's act or omission.  If an injury was a direct result or a reasonably probable consequence of the defendant's act or omission, it was proximately caused by such an act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the negligent conduct of the defendant.

## NEGLIGENCE DEFINED

Negligence is the doing of some act which a reasonably prudent person would not do, or the failure to do something which a reasonably prudent person would do, when prompted by considerations which ordinarily regulate the conduct of human affairs. It is, in other words, the failure to use ordinary or reasonably care under the circumstances in the management of one's person or property. Wal-Mart had the duty to exercise reasonable care.  Reasonable care means that an individual has a duty to exercise the same care and caution that a reasonable, prudent person would exercise in the same or similar circumstances. The law presumes that people should take reasonable measures to protect themselves from harm. Thus, while shopping at Wal-Mart, Lucy Vaccarella was obliged to do so in a reasonably careful manner, looking about, seeing and hearing what a reasonably

12

careful person would see and hear, and taking such steps as would a reasonably careful person to avoid the risks of injury of which a reasonably careful person would be aware. The burden is on the defendant to persuade you that the Lucy Vaccarella did not exercise the same degree of care and concern to protect herself from injury that a reasonably prudent person would have exercised in the same or similar circumstances. The burden is also on the defendant to persuade you that any failure of Lucy Vaccarella to exercise reasonable care was a proximate cause of her injuries. If you are satisfied that Karen Bonfiglio, or any other person, was negligent and that such negligence was the intervening or superseding cause of the accident such that Wal-Mart's action or inaction, was not a substantial factor in causing the accident, then you should find for Wal-Mart on the issue *of* liability.

Dokus v. Palmer, 130 Conn. 247, 251, 33 A.2d ,3.15 (1943);

McDonald v. Connecticut Co., 151 Conn. 14, 17, 193 A.2d 490 (1963);

Hoener v. Mohawk Service. Ihnc., 170 Conn. 495, 501,365 A.2d 1064 (1976);

3 Devitt, Blackmar and Wolff, Federal Jurv Practice and Instructions, § 80.03 (4th ed.

1987).

**COMPARATIVE RESPONSIBILITY**

The doctrine of "comparative responsibility" may be applicable to this case. If you find that plaintiff has met her burden of proof on her negligence claim and that defendant's action was the proximate cause of Lucy Vaccarella's injuries, then you should consider whether Lucy Vaccarella's own conduct and/or the conduct of any other person contributed to the accident. The Defendant contends that Lucy Vaccarella was negligent and that her negligence proximately caused her injuries. Thus, if you find that Lucy Vaccarella was

13

negligent so as to constitute a proximate cause of the injuries but you find that defendant's action was also a substantial factor in bringing about or causing the injuries, then you must apply the principle of comparative responsibility as it shall now be explained. The comparative responsibility of the Plaintiff need not bar her recovery, but it shall diminish any award of compensatory damages in proportion to the degree of responsibility you attribute to the injured party. Similarly, you shall diminish any award of compensatory damages in proportion to the degree of responsibility you attribute to any third party. If you find that Lucy Vaccarella did not exercise reasonable care and that her negligence was a proximate cause of injury to her, then you must compare this responsibility attributable to her to the responsibility attributable to the defendant and any third party. This is to be done by determining the percentage of responsibility attributable to Lucy Vaccarella and the defendant, and any third party, if that is your finding. The total responsibility in causing the accident must equal 100%. You must decide what percentage of the cause and the responsibility for, Lucy Vaccarella's injuries is attributable to the negligence of Wal-Mart. What percentage is attributable to Lucy Vaccarella's negligence. Any recovery you may award to plaintiff against Wal-Mart will be reduced by the percentage of responsibility you assign to Lucy Vaccarella. To the extent, by percentage, that either Lucy Vaccarella's negligence was a cause of the accident and her injuries, then any recovery will be reduced by that percentage. If Lucy Vaccarella's negligence was the sole proximate cause of the accident, then, of course, the plaintiff may not recover damages from the defendant.

Conn. Gen. Stat. § 52-5720;

Norrie v. Heil, 203 Conn. 594, 525 A.2d 1332 (1987).

## DAMAGES

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW • FIVE GRAND STREET • HARTFORD, CONNECTICUT • 06106-1505 • JURIS NO. 31232
(860) 527-4226 • FAX # (860) 527-0214

If, after weighing all of the evidence, you are persuaded that the defendant is liable to the plaintiff, then you must consider the issue of damages. The damages you award must be reasonable. You may only award that amount of damages as would reasonably compensate the plaintiff for those injuries which you find were proximately caused by the negligence of Wal-Mart. You are not to include in any award of damages any amount for the purpose of punishing the defendant or to serve as an example or warning for others, nor may you include in any award any sums for court costs or attorneys' fees. Your determination, if you do so determine, that the defendant is liable merely because its conduct was negligent, does not entitle you to add to any damages you may award under these instructions with the object of punishing or deterring such conduct. In other words, your award must be only of such a sum as will reasonably compensate the plaintiff for her injuries.

## NOTICE

1.  The Plaintiff was a business invitee to whom the Defendant owed a duty to keep the premises in a reasonably safe condition.  If the duty was breached, the Plaintiff could recover damages if she proved that the Defendant had actual or constructive notice of the defect within a reasonable time to remedy it.

Gulycz v. Stop & Shop, 29 Conn. App. 519, 615 A.2d 1087 (1992)

Whether the Defendant had constructive notice of this condition turns on whether the condition existed from a length of time sufficient for the Defendant's employees, in the exercise of due care, to discover the defect in time to have remedied it. Id.

While an abundance of evidence is not necessary to show a sufficient length of time existed for discovery of the condition, some evidence is required. Id.

15

2. An occupier of land is chargeable with constructive notice of defects when dealing with invitees... The determinative question is whether the defective condition existed from such a length of time that the Defendant, in the exercise of reasonable care should have discovered it and remedied it.

Pitoruzzello v. Stop & Shop Supermarket Co., 2002 WL 31255744 (Conn. Super)(2002) citing

Kurti v. Becker, 54 Conn. App. 335, 338-39, 733 A. 2e 916, cert. denied, 251 Conn. 909, 739 a. 2d 1248 (1999).

The Plaintiff can only recover if the Defendant had actual or constructive notice of the specific premises defect long enough to take corrective measures or other suitable precautions.

White v. E & F Construction Co., 151 Conn. 110 (1963).

3. In this particular action, it is incumbent upon the Plaintiff herein to prove that the Defendant either had actual notice of the presence of the specific unsafe condition which caused the Plaintiff's injury or constructive notice of it. The Plaintiff herein has made no claim of actual notice, but has relied upon a claim of constructive notice, that is, that the situation had existed for such a length of time that, had the Defendant exercised reasonable supervision of its premises, the Defendant would have known of its existence. In that regard, I must state to you, that the notice, whether actual or constructive, must be notice of the very defect which occasioned the injury and not merely of conditions naturally defective of that defect, even thought subsequently, in fact, producing it. Thus, on the question of notice, you must confine your consideration to the knowledge of the Defendant, and the realization of the specific condition causing the injury, and such knowledge and

16

realization cannot be found to exist from a knowledge of the general or overall conditions obtaining on the premises.

Monahan v. Montgomery, 153 Conn. 386, 390

The primary duty of a landlord as to such premises under his control, is to use reasonable care to see that they are kept reasonably safe.  Liability for breach of that duty will arise only if it appears that the landlord either knew of a defect or was chargeable with notice of it, because, he had known of it.

Sheehan v. Sette, 130 Conn. 295, 297

4.  What constitutes a reasonable length of time within which a defendant should have learned of the defect, how that knowledge should have been acquired, and the time within which, thereafter, the defect should have been remedied, are matters to be determined in the light of the particular circumstances of each particular case.  The nature of the business and the location of the defective conditions would be factors in this determination.  To a considerable degree, each case must be decided on its own circumstance.

Long v. Savin Rock Amusement Co., 141 Conn. 150, 153.

5.  Now I have already spoken to you concerning the question as to whether the defendant did know of the existence of the defective condition complained of, or should have known of it, and that is called notice; a notice is of two kinds: actual or constructive. Now, if a person doesn't actually know of a condition, in determining what the person did, or should do, in being charged with constructive notice, of course, you cannot reasonably expect the owner of property, or one in control of the premises, to stand guard over his property so that he may correct or abate such a condition as fast and as often as it is created in every event.

17

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW • FIVE GRAND STREET • HARTFORD, CONNECTICUT • 06106-1505 • JURIS NO. 31232
(860) 527-4226 • FAX # (860) 527-0214

Again you get back to the standard of the duty that I stated to you a few minutes ago; that is, the standard of the duty of the person in control was to use such care as to discovery or inspection and abatement as a person of ordinary prudence in like circumstances would have used.

<u>Ziskin, et al v. Confietto</u>, Record 3360 par. 78 of finding, 137 Conn. 629.

## CONCLUSION

Your verdict may not be premised on any element of sympathy. Any sympathy you may feel toward any party must not be a factor in your determination, Your verdict must represent the considered judgment of each juror. Your verdict must be unanimous. Until it is agreed to by each juror, it is not a unanimous verdict. It is your duty to consult with one another and to deliberate with a view to reaching an agreement if you can do so consistent with the individual judgment of each juror. Each of you must make your own decision, but you must consider impartially all the evidence and the views of your fellow jurors. In the course of the deliberations, do not hesitate to reexamine your individual view. Do not be reluctant to change your opinion, if the deliberations and the views of your fellow jurors convince you it is erroneous. You should not surrender your honest convictions as to the facts as you find them or the weight or effect of the evidence, solely because of the opinion of your fellow jurors nor for the mere purpose of returning a verdict. Remember at all times you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case. Upon retiring to the jury room, you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. If, during your deliberations, you should desire to communicate with the court, please reduce your message or question to writing signed by

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW • FIVE GRAND STREET • HARTFORD, CONNECTICUT • 06106-1505 • JURIS NO. 31232
(860) 527-4226 • FAX # (860) 527-0214

the foreperson, and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing, or by having you returned to the courtroom so that I can address you orally. I caution, you, however, with respect to your deliberations. Any communication should never state or specify your numerical division at the time. It is proper to add a final caution. Nothing that I have said in these instructions- and nothing that I have said or done during the trial-has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

DEFENDANT, WAL-MART STORES, INC.,

By  *Anita M. Varunes*
Anita M. Varunes
Federal Bar No.: 04993
Kenny & Brimmer, LLC
Its Attorney
5 Grand Street
Hartford, CT 06106
Tel. No.: (860) 527-4226

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on this [th] day of , 2004, to:

Joseph D. Foti, Jr.
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue, Suite 207
Cheshire, CT 06410-1135

*Anita M. Varunes*
Anita M. Varunes

19