**FILED**

2004 MAR 29 P 1:01

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUCY VACCARELLA | : | CIVIL ACTION NUMBER |
| Plaintiff | : | |
| V. | : | 301-CV834 WWE |
| | : | |
| WAL-MART STORES, INC. | : | MARCH 26, 2004 |
| Defendant | | |

### PLAINTIFF'S TRIAL MEMORANDUM

Pursuant to the Court's final Pre-trial Order dated February 10, 2004, Plaintiff, Lucy Vaccarella submits the following Trial Memorandum.

1. **TRIAL COUNSEL**

    a. **Counsel for Plaintiff, Lucy Vaccarella:**

    Garrett M. Moore, Esquire
    Federal Bar # CT 05673
    Moore, O'Brien, Jacques & Yelenak
    700 West Johnson Avenue
    Suite 207
    Cheshire, CT 06410-1135
    Tel. No. (203) 272-5881

    b. **Counsel for Defendant, Wal-Mart Stores, Inc.**

    Anita Varunes, Esquire
    Federal Bar # CT 04993
    Kenney & Brimmer, LLC
    5 Grand Street
    Hartford, CT 06106

2.  **JURISDICTION**

Pursuant to the provisions of 28 U.S.C. Statute 1332(a), the United States District Court for the District of Connecticut has jurisdiction over this matter in that it is a civil action in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

3.  **JURY/NON-JURY**

This matter will be tried to a jury.

4.  **LENGTH OF TRIAL**

The plaintiff expects that the trial of this matter will take no more than three days.

5.  **FURTHER PROCEEDINGS**

a.  Plaintiff's statement of the case.

In this negligence action, Plaintiff alleges that on November 20, 1999, she was lawfully upon the defendant's premises, in the lingerie department, when she was struck by a cart that was being pushed by one or more of the Wal-Mart employees. As a result of being struck by the cart, Plaintiff claims that she sustained the following injuries: right hip pain; buttocks pain; pain in the right

lumbar region radiating into her lower right back; myofascia pain; chronic lumbar radiculopathy; and aggravation and/or exacerbation of a pre-existing lower back condition.

Plaintiff claims that Wal-Mart, is agents, servants and/or employees were negligent in one or more of the following ways:

    a.    They failed to properly maintain the premises;

    b.    They failed to provide safe premises for individuals, including Lucy Vaccarrella;

    c.    They failed to keep a proper lookout for customers, including Lucy Vaccarrella, when they were pushing the cart in the store;

    d.    They failed to slow or stop the cart before striking Lucy Vaccarrella; and

    e.    They failed to warn individuals, including Lucy Vaccarrella, of the impending collision.

### 6.    TRIAL BY MAGISTRATE JUDGE

The plaintiff cannot consent to a trial by the magistrate judge at this time.

### 7.    LIST OF WITNESSES

    a.    See attached.

8. **DEPOSTION TESTIMONY**

   a. Possibly Dr. David Kloth by video tape deposition.

9. **EXHIBITS**

   a. See attached.

10. **ANTICIPATED EVIDENTIARY PROBLEMS**

    The plaintiff does not anticipate any evidentiary problems at this time.

11. **MOTIONS IN LIMINE**

    None.

12. **TRIAL TO COURT/JURY**

    a. **Written stipulation of uncontroverted facts.**
       1. Plaintiff, Lucy Vaccarrella, is a resident and domiciliary of Waterbury, Connecticut.
       2. Defendant, Wal-Mart Stores, Inc., is a Delaware Corporation with its headquarters in Betonville, Arizona, and has a place of business in Naugatuck, Connecticut.
       3. On November 20, 1999, Plaintiff entered the Naugatuck, Connecticut, Wal-mart Store, located on 1100 New Haven Road.

 b. **Contested issues of fact and law.**
1. Whether the incident occurred in the manner alleged by Plaintiff.
2. The nature, cause, and extent of Plaintiff's alleged physical injuries.
3. The extent of Plaintiff's economic and non-economic losses.

## PROPOSED VOIR DIRE QUESTIONS

1. Have you ever shopped a Wal-Mart or Sam's Club store?

2. At what locations have you shopped at either of these stores?

3. About how many times have you shopped at either Wal-Mart or Sam's Club?

4. What was your experience like?

5. Is there anything about your knowledge of or experience with Wal-Mart or Sam's Club that would affect your ability to be fair and impartial in this case?

6. Do you have any concern about your ability to judge the parties in this case fairly and equally?

7. Have you, your spouse, or any family members or close friends ever been involved in, or a witness to, an accident involving a fall in a retail store, an accident involving merchandise falling from a shelf in a store, or an accident involving slip and fall on merchandise, produce, ice, water, or something similar?

8. Have any of you ever made any claims against a retailer?

9. What were the circumstances?

10. Did you bring a lawsuit?

11. Is there anything about your experience with such an incident, claim, or lawsuit that would affect your ability to be fair and impartial in this matter?

12. Have you ever served as a juror?

13. What kind of case did you serve on?

14. Would that experience affect you ability to be fair and impartial in this case?

15. Have you ever been a witness during the course of a case?

16. If so, were you a witness on behalf of the plaintiff or defendant?
17. Would your experience with the court system make it difficult for you, in any way, to be impartial and fair in this proceeding?

18. Do you, your spouse, a family member, or close friend suffer from hip or back problems?

19. What is the nature of the problem?

20. Would your experience with or knowledge of someone who has experienced these problems affect your ability to be fair and impartial in this case?

21. Do you have any difficulty with the concept that a large corporation and individual must be considered equals in this Court?

22. Do you have any difficulty awarding lifetime damages if you find that the defendant was negligent and the plaintiff suffered permanent injuries?

23. Do you have any preconceived notions as to what responsibilities a store owner has to keep its property reasonably safe for its customers?

24. Do you have any financial interest, such as investment in Sam's Club or Wal-Mart in your retirement or financial portfolio?

25. After you have heard all of the evidence, I will instruct you as to the applicable law. Will you have any hesitation in applying the law even if you disagree with it, or if it means that the Plaintiff will not recover anything?

**PROPOSED JURY INSTRUCTIONS**

Please see attached "Exhibit A."

PLAINTIFF
LUCY VACCARELLA

By _____
Garrett M. Moore
Federal Bar # CT 05673
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue
Suite 207
Cheshire, CT 06410-1135

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed, postage prepaid, this 26th day of March 2004, to:

Anita M. Varunes, Esquire
Kenny & Brimmer, LLC
5 Grand Street
Hartford, CT  06106

Garrett M. Moore

**EXHIBIT A**

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUCY VACCARELLA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| WAL-MART STORES, INC. ) | 301-CV-834 WWE |
| ) | |
| Defendant ) | |
| ) | |
| ) | MARCH 25, 2004 |

### PLAINTIFF'S VERDICT FORM

In this case, the Jury finds the issue for the Plaintiffs, in accordance with the following calculations:

1. Fair, just, and reasonable compensation for the Plaintiff's injuries

    a. economic: _____

    b. non-economic _____

Total Verdict (repetition of # 4) _____ dollars damages.
(a + b)


_____
Foreperson
Dated: _____

N.B.: The Foreperson must sign in ink.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUCY VACCARELLA, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Civil Action No. |
| WAL-MART STORES, INC. | ) ) | 301-CV-834 WWE |
| Defendant | ) ) ) ) | |
| | ) | MARCH 25, 2004 |

### REQUEST TO CHARGE

The plaintiff requests the Court to charge the jury in the following matter:

### GENERAL

It is my duty to state to you the rules of law involved in this case, and it is your duty to find the facts. You will take the law as I give it to you. If my statement of the law differs from the claims of law made by counsel in argument, or from your own idea of what the law should be, it is your duty to accept the law as given to you by the Court.

A negligence suit does not connote any sort of criminal action, but is rather a civil suit for money damages.

In a negligence suit, the plaintiff does not have to prove that the defendants intended to injure her. If, applying the standards I will charge you, you find that the defendants are

liable to the plaintiff, then you should render judgment in favor of the plaintiff without considering whether the defendants intended to injure the plaintiff.

Conversely, a defendant may be liable even if his conduct is claimed to be a bona-fide error in judgment. "The central issue in a negligence case is whether the defendant deviated from the required standard of reasonable care, not his mental state at the time of the conduct which constitutes the deviation." <u>Logan v. Greenwich Hospital Assn.</u>, 191 CONN. 282, 299 (1983); "Errors in judgment which occur with the best intentions constitute negligence if they result from a failure to use reasonable care." <u>Id</u>.

## COMMON LAW NEGLIGENCE

Negligence is the doing of something which a reasonably prudent person would not do under the circumstances, or the omission of what a reasonably prudent person would do under the circumstances. Negligence is the breach of a legal duty owed by one person to another, and this legal duty is the exercise of reasonable care. **Wright and Ankerman, Connecticut Jury Instructions**, § 522 (4th Ed. 1993); **New England Iron Works Co. v. Connecticut Co.**, 98 CONN. 609, 610, 611 (1923). Your test is whether or not, under all of the circumstances, the defendant exercised that amount of care which a reasonably prudent person would have exercised under those circumstances. See generally, **Wright and Ankerman, Connecticut Jury Instructions**, § 311 (4th Ed. 1993).

The burden is upon the plaintiff to prove to you by a fair preponderance of the evidence that the defendants were negligent in one or more of the ways alleged in the complaint and that the defendant's negligence caused the injuries and losses that the plaintiff suffered. **Wright and Ankerman, Connecticut Jury Instructions**, § 521 (4th Ed. 1993).

In this case, the plaintiff has alleged that the defendants, their agents and/or employees, were negligent under common law in one or more of the following ways:

  a. They failed to properly maintain the premises;

  b. They failed to provide safe premises for individuals, including Lucy Vaccarrella;

  c. They failed to keep a proper lookout for customers, including Lucy Vaccarrella, when they were pushing the cart in the store;

3

  d. They failed to slow or stop the cart before striking Lucy Vaccarrella; and

  e. They failed to warn individuals, including Lucy Vaccarrella, of the impending collision.

If you find that, based on the principles I have explained, the conduct of the defendant deviated in one or more of these ways from the standard of care imposed upon ordinary, reasonable people in the maintenance and care of their premises, then you must find the defendants negligent.

For the plaintiff to recover, you must also find that the defendants' common law negligence was a substantial factor in causing the plaintiff's injuries. **Wright and Ankerman, Connecticut Jury Instructions**, § 520 (4th Ed. (1993)).

MOORE, O'BRIEN, JACQUES & YELENAK • ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519