## DUTY TO INVITEES

An invitee is one who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them; and this definition includes both those who enter the premises to do business thereon and those who are there in furtherance of their own business which is directly or indirectly connected with any purpose, business or otherwise, for which the possessor uses the land. The definition includes one who goes on the land to serve the convenience of someone who is there for the purpose of doing business or to deliver articles to the possessor of the land. **Restatement, Second, Torts § 332; Wright and Ankerman, Connecticut Jury Instructions, § 522.**

5

**MOORE, O'BRIEN, JACQUES & YELENAK** • *ATTORNEYS AT LAW*
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

## PROOF OF ONLY ONE CLAIM OF NEGLIGENCE IS REQUIRED

The plaintiff has alleged that the defendants were negligent and careless in several ways. It is sufficient if the plaintiff proves only one of her claims of negligence. She is not required to prove all of them. If you are satisfied that the plaintiff proved any one of these allegations, this is sufficient for a finding of negligence on the part of the defendants. Wright and Ankerman, Connecticut Jury Instructions, § 521b (4th Ed. 1993).

MOORE, O'BRIEN, JACQUES & YELENAK • ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

## PROXIMATE CAUSATION

If you find that the defendants were negligent, you must then consider whether this negligence was the proximate cause of the plaintiff's injuries. Proximate cause means "substantial factor". So, the question is whether the defendants' negligence was a substantial factor in causing any of the injuries claimed by the plaintiff. **Hearl v. Waterbury YMCA**, 187 CONN. 1, 4 (1982). If you find that the better or weightier evidence indicates that the defendants' negligence was a substantial factor to the plaintiff's injuries, then you must find that the defendants' negligence was the proximate cause of the plaintiff's injuries.

It is not incumbent upon the plaintiff to prove the causal relationship with one hundred percent certainty. The plaintiff need only prove the allegations by a preponderance of the evidence or, in other words, the weight of the evidence. It is not incumbent upon the plaintiff to exclude any other hypothesis. Proof of causation by the plaintiff may not be conclusive, but it is sufficient if the plaintiff proves that it is more likely than not the injuires resulted from the defendants' negligence. **Cappiello v. Ajselman**, 154 CONN. 490, 497 (1967); **Hoffman v. Mohigan Company**, 136 CONN. 392, 395 (1950).

7

MOORE, O'BRIEN, JACQUES & YELENAK • ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

## UNDISPUTED FACTS

In all cases, there are certain fundamental facts about which there is no dispute. Where facts are either admitted in the pleadings or conceded in the trial, you are entitled to take them as true and use them as foundation as you proceed to a consideration of the disputed issues. **Wright and Ankerman, <u>Connecticut Jury Instructions,</u>** § 314a (4th Ed. 1993). For example, in this case it is undisputed:

    a. that the defendants controlled, managed, operated, owned and/or maintained the premises where the accident occurred.

    b. that the plaintiff was lawfully upon the defendants' premises as a business invitee.

    c. the plaintiff's life expectancy is _____ years.

MOORE, O'BRIEN, JACQUES & YELENAK  •  ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE  •  SUITE 207  •  CHESHIRE, CT 06410-1135  •  TEL. (203) 272-5881  •  JURIS NO. 408519

## WITNESSES

It is the function of the jury in arriving at your conclusions of fact in this case to consider the credibility of witnesses and parties who have appeared before you. The credibility of a witness has to do with his believability and his truthfulness. This is a matter which lies exclusively within your province. However, the Court can properly make certain suggestions to you.

The credibility of a witness may be impaired or completely destroyed by impeaching testimony or by inconsistencies in his or her own testimony during the trial, or inconsistencies with statements made previously. It may have been impaired by cross-examination; it may be affected by the appearance of the witness upon the stand; by his interest or apparent bias; and by his evident ignorance as to the facts to which he testified. You are to consider all of these matters in weighing the testimony in this case. **Connelly v. Connecticut Company**, 107 CONN. 236 (1928). **See generally, Wright and Ankerman, Connecticut Jury Instructions**, § 640 (4th Ed. 1993).

9

MOORE, O'BRIEN, JACQUES & YELENAK • ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

**EXPERT WITNESS**

In this particular case, certain witnesses have gone upon the witness stand and state to you, not merely what they knew, but also what their opinions were as to certain circumstances. It is for you to consider that testimony together with the other circumstances in the case, and using your best judgment, determine whether or not you will give any weight to it, and if so, what weight you will give to it. **Wright and Ankerman, Connecticut Jury Instructions**, § 324 (4th Ed. 1993).

The weight to be accorded to the testimony of an expert witness depends upon your conclusion as to the proof and completeness of the facts considered by him in drawing his conclusion. You will determine whether the facts given him were the true facts as you find them, and also whether all of the facts you find were made available to him in the history given to him. **Wright and Ankerman, Connecticut Jury Instructions**, § 325 (4th Ed. 1993).

Now, in weighing and considering the testimony of an expert witness, in determining what extent you will attach weight to his opinion, you ought to apply the same rules that you would apply to any witness, insofar as it relates to the interest, bias or prejudice, appearance and demeanor upon the witness stand, frankness and candor, and so forth. You are to determine whether the witness is possessed of peculiar and exclusive knowledge and experience in his specialized field. The value to be attached to his testimony, and the weight to be accorded it, will of course depend upon many other things; upon the actual skill

10

possessed by the expert, by the experience he has had, and the training he has had.  **Wright and Ankerman, <u>Connecticut Jury Instructions</u>**, § 325 (4th Ed. 1993).

Those are matters to which you are to give such consideration as your own good judgment suggests.  And finally, as the witness testifies before you, you may consider whether his mode of testifying indicates care, skill, intelligence and candor.  **Wright and Ankerman, <u>Connecticut Jury Instructions</u>**, § 324 (4th Ed. 1993).

11

## EVIDENCE ADMITTED BY LAW

The plaintiff has introduced certain documents into evidence by authority of state law. Specifically medical records and reports of her injuries sustained in the accident at Wal-Mart.

Our law allows the plaintiff to do so without bringing someone from the hospitals or the doctors in to testify. There is nothing wrong with doing that. The law recognizes that it serves the public better to allow certain kinds of documents into evidence without bringing in a witness to introduce them. The plaintiff was not required to call as a witness the doctors who wrote the reports, and you should not hold it against the plaintiff that she did not do so. CONN. GEN. STAT. §§4-104, 52-180; Tait and LaPlante, Handbook of Connecticut Evidence, (2nd Ed., §§ 10-5, 11-150).

MOORE, O'BRIEN, JACQUES & YELENAK  •  ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE  •  SUITE 207  •  CHESHIRE, CT 06410-1135  •  TEL. (203) 272-5881  •  JURIS NO. 408519

## DAMAGES – GENERAL

A general principle of law is that whenever one person has committed a wrong against another, that other shall be awarded damages to the extent that he will be as well off as though the wrong had not been committed. **Leventhal v. Stratford**, 121 CONN. 290, 299 (1936).

If you find that the plaintiff has proven her case against the defendants, then the plaintiff is entitled to recover damages against the defendants. If you have found in favor of the plaintiff, she is entitled to an award of damages in an amount which you will determine that compensates her fully, fairly and justly for the injuries and losses sustained. It is for you, in the exercise of your best judgment, to say what is fair and just. **Wright and Ankerman, Connecticut Jury Instructions**, § 226a (4th Ed. 1993). The fundamental rule regarding damages is that the amount awarded should be fair, just and reasonable compensation for the losses suffered as a direct and proximate consequence of the defendants' negligence. The plaintiff is entitled to recovery for any such damages established by a preponderance of the evidence. **Wright and Ankerman, Connecticut Jury Instructions**, § 222d (4th Ed. 1993).

If you conclude that the defendants caused the plaintiff's injuries, it will then be necessary for you to award the plaintiff what the plaintiff would have been entitled to but for the negligence of the defendants.

13

**MOORE, O'BRIEN, JACQUES & YELENAK** • *ATTORNEYS AT LAW*
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

The plaintiff is seeking compensation for her past and future hospital and medical expenses, lost income, lost earning capacity, permanent physical injuries, pain and suffering (past, present and future), and the loss of the ability to engage in and enjoy certain activities. See CONN. GEN. STAT. §§ 52-255d and 52-572h; Wright and Ankerman, <u>Connecticut Jury Instructions</u>, § 226a – p (4th Ed. 1994). Should you find for the plaintiff, you should award her an amount of money which will fairly, justly and reasonably compensate her for these losses.

14

**MOORE, O'BRIEN, JACQUES & YELENAK** • *ATTORNEYS AT LAW*
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

**APPLICATION OF DAMAGES**

Should you find for the plaintiff, the law then requires you to make certain allocations. You must differentiate between economic damages and non-economic damages.

1. **ECONOMIC DAMAGES:**

Economic damages are defined as compensation for pecuniary losses including medical costs, rehabilitation, lost income and loss of earning capacity.

a. **Past Medical Expenses**

In this case, the special damages claimed by the plaintiff are her expenses for hospital and medical care, physical therapy and rehabilitation.

During the trial, a series of medical bills were introduced by the plaintiff regarding expenses which she testified she incurred as a result of her injuries. If you find that these bills were reasonable and were made necessary by injuries for which the defendants are responsible, you are to allow them as past economic damages. **Wright and Ankerman, Connecticut Jury Instructions,** § 226f (4th Ed. 1993).

Proof of expenses incurred affords evidence of the value of the services or items, and, if the expenses do not appear unreasonable in amount, either from other evidence or through you own common sense, reasonableness should be accepted. **Flynn v. First Nation Bank and Trust Co.**, 131 CONN. 430, 436 (1944). Thus, the plaintiff is not required to introduce evidence of reasonableness, and, if no contrary evidence has been

15

offered, and if your common sense experience does not indicate to you that the charges are unreasonable, then you should conclude that the expenses are reasonable.

If you find that the defendants are responsible for these expenses, and that these expenses were reasonable, then, in the event of a verdict in favor of the plaintiff, you should compensate her for these expenses. **Wright and Ankerman, <u>Connecticut Jury Instructions</u>,** § 225 (4th Ed. 1993).

      b.    <u>Future Medical Expenses</u>

It is the law of our State that a plaintiff is entitled to recover the cost of reasonable and necessary future medical care as long as the plaintiff meets the requisite burden of proof on this element of damages. The rules regarding awarding damages for future medical costs are somewhat different from the rules governing an award of damages for past medical expenses. Future medical expenses do not require the same degree of certainty as past medical expenses. <u>Marchetti vs. Ramirez</u>, 240 CONN. 49, 55 (1997). It is not speculation or conjecture to calculate future medical expenses based upon the history of medical expenses that have accrued as of the trial date, particularly when there is also a degree of medical probability that future medical expenses will be necessary. Where the doctor testifies that the injured party is likely to need future treatment but cannot predict the costs, and the injured party testifies he still suffers pain, that testimony is sufficient for consideration of the element of future medical expenses. <u>Id.</u> At 55 – 56. Also, the cost and frequency of past medical treatment may be used as a yardstick for future medical expenses

**MOORE, O'BRIEN, JACQUES & YELENAK** • *ATTORNEYS AT LAW*
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

if it can be inferred that the plaintiff will continue to seek the same form of treatment in the future. **Id.** At 54.

2. **NON-ECONOMIC DAMAGES**

Non-economic damages are defined as compensation for all non-pecuniary losses, including permanent disability, physical and mental pain and suffering (past, present and future), and loss or diminution of life's activities.

a. **Pain and Mental Suffering**

Pain and mental suffering are proper elements of damages when they are accompanied by physical injury and when they are a natural proximate consequence of the physical injury. A plaintiff injured by a wrongdoing of another is just as much entitled to be compensated for mental suffering caused thereby and for the results which proximately follow from it, as she is for physical suffering. If you are satisfied that a fair preponderance of the evidence supports the claim that the plaintiff is entitled to compensation for her pain and suffering, you must compensate her for her pain – past, present <u>and future</u>. **Wright and Ankerman, Connecticut Jury Instructions**, §§ 226k, 231b – d, 240 (4th Ed. 1993).

b. **Permanent Injuries**

If you find it is reasonably probable that the plaintiff has suffered a permanent physical impairment, as she claims, you will attempt to compensate her for such permanent injury or physical impairment which you find she sustained and will suffer from in the future. It is not a matter of guesswork or speculation. You must be satisfied fairly, with the degree of

MOORE, O'BRIEN, JACQUES & YELENAK • ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

proof which I have defined for you, that the results you are attempting to compensate her for are reasonably probable. The plaintiff is entitled to be compensated for what she is expected to suffer due to her permanent injuries over the period of her life expectancy, which is ____ years. **Wright and Ankerman, Connecticut Jury Instructions**, § 231b – d (4th Ed. 1993).

    c.    **Enjoyment of Life's Activities**

In addition, you shall consider as an element of damages in this case, all the periods of time during which the plaintiff was unable to participate in and enjoy her ordinary activities. **Pisel v. Stamford Hospital**, 180 CONN. 319, 344 (1980).

The assessment of the loss of one's ability to enjoy and carry on life's activities involves a consideration of the normal, everyday activities to which the plaintiff was accustomed prior to her injuries, and which, as a result of that injury, are now foreclosed to her. **Jerz v. Humphrey**, 160 CONN. 223. Therefore, you must compare her activities and abilities before the accident to those she is capable of doing now. **Kotsetos v. Nolan**, 170 CONN. 657.

I further instruct you that, not only must you consider the plaintiff's activities from November 20, 1999 until today, but you must compensate her for any future incapacity which is reasonably probable. **Wright and Ankerman, Connecticut Jury Instructions**, §§ 226; 231d (4th Ed. 1993a). You, thus, must determine the activities in the future which she will not be able to enjoy, which she would otherwise have been able to enjoy, and

MOORE, O'BRIEN, JACQUES & YELENAK • ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

compensate her for such destruction of the capacity to enjoy life for what is expected to be the remainder of her life expectancy.

Damages are incapable of precise measurement. For this reason, considerable latitude is allowed a jury by our Court in evaluating damages.

**MOORE, O'BRIEN, JACQUES & YELENAK** • *ATTORNEYS AT LAW*
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

## DEFENDANT MUST TAKE THE PLAINTIFF AS HE OR SHE FINDS THEM

The plaintiff is entitled to recover full compensation for all of her injuries and losses and damages, and the effects caused by or proximately resulting from the defendants' negligence. This is so even though her injuries or damages, and the effects thereof, were more severe and serious and were prolonged permanently or longer that they would otherwise have been because of her pre-existing condition of health at the time of the incident.

There has been testimony in this case that the plaintiff had a prior neck injury from a work-related incident that occurred in 1997. She alleges that this neck injury was aggravated or exacerbated by this incident, causing her economic damages as well as pain and suffering.

The defendant must take the plaintiff as he finds her. The defendants are chargeable with all of the results of the injuries proximately caused by their neglect, or flowing from their negligence, and the defendant cannot now excuse the results of its negligence by saying that the plaintiff had a pre-existing condition which would make her suffer more and longer or cause her to be more severely injured than she otherwise would have been. <u>Flood v. Smith</u>, 126 CONN. 644, 647 (1940); <u>Nichols v. Coppola Motors, Inc.</u>, 178 CONN. 335 (1979); <u>Olkowski v. Dew</u>, 48 CONN. APP. 864 (1998).

MOORE, O'BRIEN, JACQUES & YELENAK • ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

RESPECTFULLY SUBMITTED –
PLAINTIFF

BY _____
Garrett M. Moore
Federal Bar CT 05673
Moore, O'Brien, Jacques & Yelenak
Her Attorneys
700 West Johnson Avenue, Suite 207
Cheshire, Connecticut 06410
Tel. No. (203) 272-5881

21

MOORE, O'BRIEN, JACQUES & YELENAK  •  ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE  •  SUITE 207  •  CHESHIRE, CT 06410-1135  •  TEL. (203) 272-5881  •  JURIS NO. 408519