FILED

2004 DEC 10 P 12:03

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUCY VACCARELLA, | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. |
| WAL-MART STORES, INC. | ) 301-CV-834 WWE |
| Defendant | ) |
| | ) DECEMBER 9, 2004 |

## OBJECTION TO REQUEST FOR
## INDEPENDENT MEDICAL EXAMINATION

In accordance with Practice Book § 13-11 and Connecticut General Statutes § 52-178a, the plaintiff, Lucy Vaccarella, hereby objects to the defendant's request that the plaintiff submit to a Physical Examination to be performed by Dr. Patrick J. Carolan, Merritt Orthopaedic Associates, PC, 25 Constitution Boulevard, Shelton, Connecticut.

A plaintiff in a personal injury case may object to a physical examination solely on the grounds that the physician designated by the defendant routinely performs examinations on behalf of Defendants and therefore would not be independent, at least where a list of acceptable and qualified physicians is offered by the plaintiff. See Moore v. Minton, Docket No. CV 94 0364211 S, Judicial District of New Haven at New Haven, (Silbert, J.) (Oct. 8, 1998); see Fabozzi v. National Railroad Passenger Corp., 3 Conn. Super. 899 (1998)

**ORAL ARGUMENT NOT REQUESTED**
**TESTIMONY NOT REQUIRED**

(Corradino, J.); <u>Rosenfield v. Milner's Café</u>, CV 89 368762, 10 Conn. L. RPTR. 454, 1993 WL 512512(Conn. Super. November 29, 1993) (Corradino, J.); <u>Dittman v. Spotten</u>, 21 Conn. L. RPTR. No. 12, 414 (May 4, 1998) (Hurley, J.).

Based on information and belief, plaintiff's counsel believes that Dr. Carolan cannot be fair and objective in his evaluation and therefore cannot offer an unbiased opinion. The plaintiff's counsel also has reason to believe that the physician designated by the defendants routinely perform examinations on behalf of defendants and has derived a substantial income from insurance companies.

The plaintiff should not be forced to submit to an Independent Medical Examination performed by a physician who cannot offer an unbiased opinion. If defense counsel would simply suggest a physician who can be fair and objective in his evaluation, rather than physicians who are patently defense oriented, plaintiff's counsel will gladly comply with the defendants' request.

It is also unnecessary to force the Plaintiff who resides in Waterbury, Connecticut, to be examined by a Shelton physician. There are more than enough qualified physicians in the Waterbury area.

Finally, the plaintiff has objected in writing to the defendant's request. Under our laws and rules of practice that is all that is required. <u>Dittman v. Spotten</u>, Docket Number CV 541013, J.D. of New London at New London (Hurley, J.) (Mar. 13, 1998) (Plaintiff is not required to submit to an Independent Medical Exam where the plaintiff has objected in

writing); <u>Privee v. Burns</u>, 5 Conn. Ops. 718 (Blue, J.) (June 21, 1999) (Plaintiffs have an unconditional statutory right to object to any physical examination). (Copies attached).

In addition, the defense attorney has noticed the Independent Medical Examination for Thursday, December 16, 2004, at 1:45 p.m., and has left the plaintiff very little time in order to be able to arrange her schedule locate transportation, etc. to accommodate this Independent Medical Examination on that date and time.

For the foregoing reasons, the defendant's request for Independent Medical Examination should be denied.

> THE PLAINTIFF,
>
> BY _____
> Joseph D. Foti
> Federal Bar CT 00721
> Moore, O'Brien, Jacques & Yelenak
> Her Attorneys
> 700 West Johnson Avenue, Suite 207
> Cheshire, Connecticut 06410
> Tel. No. (203) 272-5881

### ORDER

The foregoing Objection, having been duly heard by the Court it is hereby ORDERED: SUSTAINED / OVERRULED

> BY THE COURT (           , J.)
>
> _____
> JUDGE/CLERK

## CERTIFICATION

This is to certify that a copy of the foregoing has been facsimiled, on December 9, 2004, as follows:

Anita Varunas, Esquire
Kenney & Brimmer, LLC
5 Grand Street
Hartford, CT 06106
**Facsimile No.:**       860 527-0214

By_____
Joseph D. Foti

Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue
Suite 207
Cheshire, CT 06410
(203) 272-5881

# INDEPENDENT MEDICAL EXAMINATION INSTRUCTIONS

The insurance company for the defendant(s) has requested a medical examination of you. Even though we furnish them with information (which includes medical records and reports), it is customary for the insurance company to request an examination by a doctor of its choice to verify your injuries, pain and suffering. Under the law, the insurance company is entitled to have you examined. While the insurance company may call the examination an "Independent Medical Examination" it really is not independent, since the doctor is hired and paid by the insurance company.

The amount the insurance company offers in settlement of your case will likely depend in part on the doctor's report. When the doctor questions you, it is important that you give him accurate and complete information about your injuries and the effects on your life, your medical care and your present condition. The doctor will then have accurate and complete information upon which his report to the insurance company should be based.

After your arrival at the doctor's office you will be asked a number of questions by the doctor or nurse, or both, before a physical examination is made. This is known as the patient history. Tell the truth including all injuries you have suffered both before and after the accident in question.

## HISTORY

A. *Personal.* This will include your name, address, age, occupation and status.

B. *The Accident.* You will be asked when and how you were injured, or when and how the accident happened. Do not tell the details of how the accident happened. Give only a brief general statement. For example, you might say, "On June 1st I was in a car which was struck by another car." Or, "On June 1st I was struck by a car while I was walking across the street in a crosswalk." Remember, do not tell the details of "how" the accident happened to anybody in the doctor's office, including other persons who may appear to be patients in the waiting room. If questioned about details of how the accident happened, tell the doctor that you and your attorney have already given full and complete information to the insurance company which had hired the doctor to examine you. Always be polite, open and cooperative.

C. *Your Injuries.* You may be asked to tell what injuries you received in the accident. This is the time for you to give full and complete details to the doctor. It may have been a long time

since your accident and you may have forgotten part of the injuries you originally received. Before reporting for the examination, refresh your memory regarding all the injuries which you received in the accident. Then when questioned by the doctor, you can tell about your injuries truthfully, accurately and completely. You are not expected to use medical terms in describing injuries. Everyday language is sufficient.

D.  *Pain and Suffering*. As part of your damages you are entitled to recover for pain and suffering from the accident; therefore, when questioned, you should tell the doctor in detail all of the suffering which you have experienced. Do not try to be a hero! Let the doctor know your problems, <u>but without exaggeration.</u>

E.  *Care, Treatment and Disability*. You may be asked to tell what effect these injuries had upon you. For example, whether confined to a hospital, and if so, how long; whether confined to a bed, and if so, how long; what medical treatment you have received, how often and for how long; whether you are still receiving medical care, what kind and how often; the names of attending physicians, hospitals, etc. You should refresh your memory so as to be able to make reasonable estimates when requested. You are not expected to know the exact dates, only reasonable estimates.

F.  *Home Treatment*. If you have taken any home treatment for your injuries, such as a heat lamp, electric pad, hot water bottle, hot bath or shower, massage, special exercise, etc. or if you have used any physical aids, such as braces, appliances, bandages, traction, crutches, wheel chair, special bed, mattress or board, medical collar, etc. describe these fully to the examining doctor when requested.

G.  *Your Present Complaints*. The doctor probably will ask you "What are your complaints?" or "How are you now?" You should tell him about any remaining effects from you injuries and about any physical condition and handicap that has resulted from the accident. What happened in the past is important, and it is also important that the doctor be fully informed about any present condition and complaint resulting from the accident. Before reporting for the examination take a careful inventory of yourself so that you can tell the doctor about any injuries from which you have not fully recovered, and about any physical conditions and handicaps that are a result of the accident. If you tell the doctor you have fully recovered, that is what he will report to the insurance company. Don't hold back on your problems, but don't exaggerate either. Simply tell the doctor all of your current problems.

H.  *Past Accidents*. The doctor may ask whether you have ever been injured before. This question means all injuries during your lifetime, except for minor bumps or scratches. For example, did you fall out of a tree as a child and break an arm? Did you get hurt while working and go to a doctor for treatment? Have you ever had a broken bone or an injury that required more medical treatment than first aid? If the doctor does ask about past injuries, it is important that you tell the truth concerning all former injuries. It will hurt your case if it could be proved in court that you failed to disclose a former injury after being asked by the doctor.

I.  *Past Serious Illness*. The doctor may also ask whether you have ever had any serious illness. This means any serious illness during your entire lifetime. Also, if you were ever

hospitalized for any reason, this should be mentioned. Here again, if you are asked by the doctor about past serious illnesses, it will hurt your case if it could be shown in court that you failed to disclose a former serious illness or hospitalization.

## THE PHYSICAL EXAMINATION

After your history has been taken, the doctor will then proceed with your physical examination. He will examine all those parts of your body that you have said were hurt in the accident to see whether you now have any remaining symptoms of injury. He may look at each area to see whether you have any scars, swelling, atrophy (muscle weakness), discoloration, or other evidence of injury. He may check for stiffness or limited motion by asking you to bend, straighten, turn or twist parts of your body, such as neck, back, arms and legs. While you make such movements he may feel the muscles to see whether there is any muscle spasm. He may also feel any areas where you complain of pain to see whether they are tender or sore to the touch, pressure or motion.

In addition to examining the injured areas, the doctor may also give you a complete general physical examination in order to see whether any conditions other than injury might be causing your complaints. This may include heart, lungs, blood pressure, reflexes, blood samples and urinalysis.

Part of the physical examination includes observation by the doctor and his staff of your actions and body movement. These include your actions and movements in the reception room, any difficulty while undressing and dressing, how you sit down and get up, how you walk, how you get on and off the examining table, and your actions while leaving his office or building. Also, a private investigator for the insurance company might follow you to make further observations.

It is also rare but possible, for an insurance company to even plant a fake patient in the doctor's waiting room to engage you in conversation for the purpose of getting information from you or to discourage you regarding your case.

## X-RAYS

The doctor is entitled to take X-rays of you, if he wishes, or to send you to an X-ray office for this purpose. He may also want to examine all X-rays taken of you by your treating physician.

## DON'TS

1. **Do not** allow any doctor to examine you except the doctor named in our letter to you.
2. **Do not** fill out any forms or questionnaires given to you at the doctor's office.
3. **Do not** sign anything at the doctor's office.

## THE DOCTOR'S ATTITUDE

The doctor is hired by the insurance company to examine you, and he may not act like your family doctor. He may seem brisk, businesslike and rather impersonal. He may or may not tell

you anything of his own opinion. He may act as though he thinks your injuries were not serious and that you are now all right or soon will be. This may be done to discourage you about your case. Do not be disturbed or influenced by any attitude or words of the doctor. Be courteous to him at all times. Give him all the facts about your injuries and your current condition, whether he appears to think they are important or not. Sometimes a doctor may be overly nice to you in the examination in the hope you will reveal something to him he can report to the insurance company. Please always keep in mind that the doctor is hired by the insurance company and does not have the responsibility of treating you for your injuries.

## YOUR REPORT TO ME ABOUT YOUR EXAMINATION

Please pay close attention to the doctor's questions and your answers, and also to the various parts of the physical examination. Immediately upon your return home after the examination, while things are fresh in your mind, please sit down and write down what happened at the examination. Make a note of how long the examination was and how thoroughly the doctor examined you. Write out in detail everything you can remember that was said by the doctor and by you, and everything that was done during the examination. You may need to refer back to this report form at a later date to refresh your memory as to what was said and done, just as the doctor will refer back to his notes later to refresh his memory.

Then mail your written comments to me for review and safekeeping. Please do not show your comments to anyone, since it is for confidential attorney client purposes between us and should not be disclosed to anyone else.