FILED

2004 DEC 16  P 1: 19

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUCY VACCARELLA         )
     Plaintiff          )
                        )      Civil Action No.
V.                      )      301-CV834 (WWE)
                        )
WAL-MART STORES, INC.   )
Defendant                      DECEMBER 13, 2004

### MOTION TO COMPEL DEFENDANT'S REQUEST FOR INDEPENDENT MEDICAL EXAMINATION AND REPLY TO PLAINTIFF'S OBJECTION DATED DECEMBER 9, 2004

Pursuant to Connecticut Practice Book Section 13-11 and pursuant to Rule 37 of the Local Rules of Civil Procedure, the Defendant in the above-captioned action served notice on the Plaintiff, Lucy Vaccarrella, dated December 9, 2004 requesting the Plaintiff to submit to a physical examination, said examination is to be performed by Dr. Patrick Carolan on Thursday, December 16, 2004 at 1:45 p.m. at defendant's expense. The Plaintiff objected to the Request for Medical Examination by written objection dated December 9, 2004. The Defendant respectfully moves this court to compel the Plaintiff's Independent Medical Evaluation. The Independent Medical Evaluation was scheduled pursuant to the agreement of the parties and the court's scheduling order pursuant to the

status conference held on Tuesday, October 5, 2004.

Plaintiff's counsel represented today that Plaintiff does not object to submitting to an examination with Dr. Patrick Carolan as an expert. Plaintiff objects to the date of the Independent Medical Evaluation, only. As a result, the Defendant will make a reasonable effort to reschedule the examination if Plaintiff agrees to submit to an examination on a new date and, further, defendant is not prejudiced by way of scheduling of the trial of this matter.

By way of background, the Plaintiff alleges that on or about November 20, 1999 while shopping at the Naugatuck, CT Wal-Mart store, she was struck in the low back area by a cart being pushed by two Wal-Mart associates. The Plaintiff claims that the impact to her low back area significantly exacerbated her prior complaints of low back pain requiring extensive medical treatment including surgery.

Further, by way of background, on October 5, 2004, the court, by the Honorable Judge Warren Eginton, granted a continuance of the trial scheduled for October 25, 2004. Also, the court, by the Honorable Judge Warren Eginton, postponed the trial of this case which had originally been scheduled for May 3, 2004. Both trial dates were continued at the request of Plaintiff. Plaintiff has

2

represented that she underwent an additional surgery to her low back which Plaintiff claims resulted from the incident which is the subject of this lawsuit. As a result of Plaintiff's representations, the trial date was continued specifically to allow Plaintiff to produce additional medical records regarding an additional surgery the Plaintiff underwent in August of 2004. The court, by the Honorable Warren Eginton, Judge, specifically allowed time for the defense to schedule an Independent Medical Evaluation upon receipt of the additional medical records received by Plaintiff.

The supplemental medical records were produced by the Plaintiff on November 29, 2004. As a result of receiving the additional medical records, the Defendant immediately scheduled an Independent Medical Evaluation with Dr. Patrick Carolan, an orthopedic surgeon in Shelton, CT. Dr. Patrick Carolan has already been disclosed as an expert witness in this case and has reviewed the Plaintiff's medical records with the exception of the records recently received by the Plaintiff regarding an additional back surgery which she underwent in August of 2004. Dr. Carolan is familiar with the Plaintiff's medical condition, and Plaintiff is in no way prejudiced by having Dr. Carolan examine her on December 16, 2004. Further, the Independent Medical Evaluation was scheduled pursuant to the

3

agreement made by the parties during the scheduling conference on October 5, 2004.

In <u>Wallace v. Commerce Property Incorporated</u>, CV 95-377552, 1999 WL 1207124, (November 24, 1999), Judge Alander discusses the absolutist view of Judge Blue in <u>Privee v. Burns</u>, 46 Conn. Supp. 301, 749 A.2d 689 (1999), (where Judge Blue stated that Plaintiff's have an unconditional constitutional right to object to an Independent Medical Examination). He states that, "a fundamental problem with the absolutist view of the Plaintiff's right to object is that it allows the Plaintiff to object to any and all physicians proposed by the Defendant or results in no physical examination at all when the Plaintiff does so." <u>Id.</u> "The exception (the Plaintiff may object in writing to particular physicians) ends up swallowing the rule (the Defendant in personal injury actions has a right to a physical examination of the Plaintiff)."

Judge Alander then interprets Connecticut General Statutes §52-178a. His interpretation is based primarily on the second sentence of C.G.S. §52-178a, and the parallel language in Practice Book Section 13-11, which states: "No party may be compelled to undergo a physical examination by any physician to whom he objects in writing submitted to the court or judge." <u>Id</u>. Practice Book §13-11

4

follows this language specifically, and further states the court may, "...<u>make such order as is just, in connection with the [Defendant's] request</u>." <u>Id</u>. (emphasis added) "Viewing Plaintiff's right to object as an absolute is incompatible with this express grant of judicial discretion." <u>Wallace v. Commerce Property Incorporated</u>, supra.

Judge Alander suggests that, although the Plaintiff may not be physically compelled to undergo a physical examination, he can be ordered by a court to do so if his objection is unreasonable, and he could be sanctioned if he does not attend. Therefore, as a result, the Defendant's right, absent a reasonable objection, is vindicated.

The Plaintiff in the present case has failed to present a reasonable objection to Dr. Carolan. Plaintiff's Objection, therefore, to the Defendant's request for an examination by Dr. Carolan, is nothing more than the Plaintiff's attempt to select the Defendant's expert. If the Plaintiff wishes to take issue with Dr. Carolan's qualifications or perceived biases for having been retained by the Defendant to perform an examination, these are issues which should, and, presumably, will be subject to Plaintiff counsel's powers of cross-examination and persuasion before a jury.

5

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW • FIVE GRAND STREET • HARTFORD, CONNECTICUT • 06106-1505 • JURIS NO. 31232
(860) 527-4226 • FAX # (860) 527-0214

Furthermore, the Defendant has selected an impartial physician consistent with the language of Practice Book 13-11. Defendant's request for a medical expert to perform a medical examination, ostensibly in support of Defendant's position regarding damages, necessarily assumes this report would not support Plaintiff's claims of injury and damages, and, therefore, it is not necessarily an "independent" examination. Plaintiff's objection is unreasonable. As indicated above, any issues the plaintiff may have with Defendant's expert may be addressed in a deposition or cross-examination of the expert. The issue presented by Plaintiff's counsel would presumably be subject to Plaintiff counsel's powers of cross-examination and persuasion before a jury and, therefore, not properly an objection to Defendant's Request for a Medical Examination.

WHEREFORE, for all the forgoing reasons, the Defendant requests that the Court overrule the Plaintiff's Objection to the Defendant's Request for Medical Examination by Dr. Patrick Carolan and order that the examination with said doctor go forward as scheduled on December 16, 2004 or, in the alternative, on a new date scheduled by the Defendant with Dr. Carolan.

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW • FIVE GRAND STREET • HARTFORD, CONNECTICUT • 06106-1505 • JURIS NO. 31232
(860) 527-4226 • FAX # (860) 527-0214

DEFENDANT, WAL-MART STORES, INC.,

By _____
Anita M. Varunes
Federal Bar No.: 04993
Kenny & Brimmer, LLC
Its Attorney
5 Grand Street
Hartford, CT 06106
Tel. No.: (860) 527-4226

### ORDER

The foregoing Motion having been duly heard by the Court, it is hereby ORDERED: GRANTED/DENIED.

BY THE COURT,

_____
Judge/Clerk

### CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on this 9th day of December, 2004, to:

Joseph D. Foti, Jr., Esquire
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue, Suite 207
Cheshire, CT 06410-1135

_____
Anita M. Varunes

7