UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 FEB 24  A 11: 50
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

LUCY VACCARELLA            )
   Plaintiff              )
                                          )    Civil Action No.
V.                              )    301-CV834 (WWE)
                                          )
WAL-MART STORES, INC.      )
   Defendant              )    February 23, 2005

## MOTION TO PRECLUDE

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the defendant in the above-captioned action hereby moves to preclude the plaintiff from introducing all of her medical records/reports relating to her treatment with Dr. F. Scott Gray, beginning in October, 2003 and up to September 24, 2004, including the back surgery which plaintiff underwent on May 28, 2004, that the plaintiff claims is related to her original injury on November 20, 1999. The defendant also moves to preclude the plaintiff from introducing any further evidence, specifically, her medical records/reports relating to her treatment with Dr. David L. Kramer, who also performed the back surgery that the plaintiff underwent on May 28, 2004.

Plaintiff disclosed Dr. Gray as an expert witness in her Supplemental Disclosure of Expert Witness dated January 24, 2005 (a copy of which is attached hereto and marked as "Exhibit A"). The Supplemental Disclosure of Expert does not have the correct caption on it, as the current matter is pending in United States District Court for the District of Connecticut, not Connecticut Superior Court. In addition, said Supplemental Disclosure of Expert dated

1

January 24, 2005 was not filed 90 days prior to trial as required by Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. As plaintiff has failed to meet these procedural requirements, this Supplemental Disclosure of Expert should be precluded.

In addition, defendant moves to preclude both of these sets of medical records and reports because Dr. Gray himself is unable to state within a reasonable degree of medical probability that the plaintiff's treatment and back surgery of May 28, 2004 was caused by the plaintiff's alleged incident at Wal-Mart that is the subject of the present lawsuit.

By way of background, the plaintiff alleges in her Complaint that on or about November 20, 1999, she was shopping at the Wal-Mart store located at 1100 New Haven Road in Naugatuck, Connecticut. She claims that as she was standing in the aisle, a cart being pushed by a Wal-Mart associate made contact with her low back area. As a result, the plaintiff claims to have suffered personal injuries and damages. Subsequent discovery revealed that the plaintiff has a history of pre-existing back injuries and multiple back surgeries dating back to 1992.

A trial of the above-captioned matter was originally scheduled for May 3, 2004. During a status conference that same month, plaintiff's counsel stated that he could not participate in settlement discussions as the plaintiff was still looking into additional surgery. The Honorable Warren Eginton, Judge, therefore continued the trial until October 25, 2004, to allow the plaintiff to seek additional treatment.

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW • FIVE GRAND STREET • HARTFORD, CONNECTICUT • 06106-1505 • JURIS NO. 31232
(860) 527-4226 • FAX # (860) 527-0214

During a telephonic status conference before Judge Eginton on October 5, 2004, plaintiff's counsel stated that the plaintiff had undergone back surgery in May 2004, but that he was still awaiting reports from the physicians who performed this back surgery on the plaintiff. As a result, the trial date was again continued with specific orders that all medical reports be produced by the plaintiff forthwith, and that an independent medical examination (IME) of the plaintiff was to be completed by December 31, 2004, so that the parties could meet with the Honorable Holly Fitzsimmons, Magistrate Judge, in January 2005 to discuss settlement.

In November, 2004 the plaintiff finally produced a portion of the her medical records from her treatment with Dr. Gray, including the plaintiff's back surgery of May, 2004. In early January, 2005, Judge Eginton's clerk contacted the parties to schedule a firm trial date in March, 2005. In early January, 2005, plaintiff had yet to produce all of the medical records from Dr. Gray and Dr. Kramer. Further, it was not until January 18, 2005 that plaintiff produced a letter from Dr. Gray addressing the issue of whether the May 28, 2004 back surgery is causally related to the alleged November 20, 1999 incident at Wal-Mart. (A copy of this letter is attached hereto and marked as "Exhibit B.") A review of this letter dated January 18, 2005 indicates that Dr. Gray does not causally connect the surgery plaintiff underwent on May 28, 2004 within a reasonable degree of medical probability to the alleged incident of November 20, 1999.

The plaintiff underwent back surgery on May 28, 2004. This back surgery was performed by both Dr. F. Scott Gray and Dr. David L. Kramer. Before and

3

after her back surgery of May 28, 2004, the plaintiff was treating with Dr. Gray from October 16, 2003 through to September 2, 2004. The Defendant moves to preclude all treatment records and bills regarding treatment the Plaintiff underwent with both Dr. Grey and Dr. Kramer.

The present matter is analogous to the matter addressed by the Connecticut Superior Court in Roberts v. Ton-Yong. 2000 WL 234318 (Conn.Super.) (A copy of this case is attached hereto and marked as "Exhibit C.") In that case, the Court precluded from trial all testimony or discussion regarding the plaintiff's expert witness, and his deposition or records pertaining to the plaintiff's alleged shoulder injury, because the deposition testimony and medical records of the plaintiff's treating physician did not meet the requisite legal standard of medical probability. The plaintiff in Roberts, *supra*, claimed that she suffered a left shoulder injury due to the car accident that was the subject of her lawsuit. However, because the plaintiff's expert could not say with a reasonable degree of medical probability that her shoulder injury or treatment thereof was related to the accident that was the subject matter of her lawsuit against the defendants, the Court granted the defendants' motion in limine requesting that those records and testimony be precluded.

In so holding, the Roberts Court stated:

> To be entitled to damages a plaintiff must establish a causal relationship between the injury and the physical condition which he claims resulted from it ... This causal connection must rest upon more than surmise or conjecture ... A trier is not concerned with possibilities but with reasonable probabilities... [The causal relationship between an injury and its later physical effects may be established] by the direct opinion of a physician, by his deduction by the process of eliminating causes other than the traumatic agency, or by his opinion based upon a hypothetical question ...

4

> **An expert opinion cannot be based on conjecture or surmise but must be reasonably probable** ... **Any expert opinion that describes a condition as possible or merely fifty-fifty is based on pure speculation**. Roberts v. Ton-Yong, 2000 WL 234318 at *2, (citing Aspiazu v. Orgera, 205 Conn. 623, 630-32 (1987); internal quotations omitted; emphasis added).

The Court in Roberts goes on to state, "[t]o be reasonably probable, a conclusion **must be more likely than not**. . ."It has long been recognized that, in order to avoid speculation and conjecture, 'a trier is not concerned with possibilities but with reasonable probabilities.'" Roberts, *supra*, 2000 WL 234318 at *3 (*citing* Struckman v. Burns, 205 Conn. 542, 555-56 (1987); emphasis added). "**To avoid speculation, opinions and conclusions must be reasonably probable and not merely possible**." *Id.*, *citing* C. Tait and J. LaPlante, Connecticut Evidence (2d. Ed.1988) § 7.16.4, p.176; emphasis added.

In the present matter, the plaintiff's expert cannot state within a reasonable degree of medical probability that Ms. Vaccarella's alleged injury of November 20, 1999 was the primary incidental cause of her pain or surgery in May of 2004. Specifically, Dr. Gray states in a January 18, 2005 letter to the plaintiff's attorney that the plaintiff's alleged injury at Wal-Mart was "a part of the causation of her worsening symptoms **however not the primary incidental cause of her pain or subsequent need for surgery**. My feeling is that **at most there is a 40% contribution to the more rapid need for her surgical endeavor**. This is my feeling within reasonable medical probability." (A copy of this letter is attached hereto and marked as "Exhibit B;" emphasis added.)

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW • FIVE GRAND STREET • HARTFORD, CONNECTICUT • 06106-1505 • JURIS NO. 31232
(860) 527-4226 • FAX # (860) 527-0214

Dr. Gray himself is unable to state that the plaintiff's May, 2004 surgery was caused within a reasonable degree of medical probability, i.e., that it was more likely than not caused, by the plaintiff's claimed incident at Wal-Mart on November 20, 1999. Rather, Dr. Gray is only able to state that there is, at most, a 40% contribution by this alleged injury at Wal-Mart to the plaintiff's need for surgery. The 40% contribution stated by Dr. Gray does not meet the "more likely than not" standard of reasonable medical probability. Therefore, the defendant respectfully requests that the plaintiff be precluded from introducing evidence of her treatment with Dr. Gray as the evidence does not meet the standard for admission at trial of such medical evidence as determined by the Connecticut Superior Court in Roberts v. Ton-Yong, which decision is in keeping with numerous other Connecticut Court opinions concerning the admissibility of expert testimony.

As Dr. Kramer was co-surgeon on the plaintiff's back surgery of May 28, 2004, defendant respectfully requests that his testimony and all of the plaintiff's medical records or reports relating to her treatment with Dr. Kramer also be precluded for the reasons stated above. In addition, to allow the plaintiffs to produce at this late date any records, reports, or testimony by Dr. Kramer would unfairly prejudice the defendant. The whole purpose of discovery is to deter trial by ambush tactics. "The rules of discovery are designed to make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." Sturdivant v. Yale-New Haven Hospital, 2 Conn. App. 103, 106 (1984).

6

Pursuant to Connecticut Practice Book §13-4(4), a plaintiff expecting to call an expert witness shall disclose the name of that expert within a reasonable time prior to trial. In addition, pursuant to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, disclosure of expert witnesses must be made according to the schedule established by the Court or at least 90 days prior to trial. In the present case, trial is scheduled to begin in just over 30 days, on March 28, 2005, and Dr. Kramer has not been disclosed by the plaintiff as an expert witness. Furthermore, the plaintiff has not disclosed any reports prepared by Dr. Kramer, causally connecting the May, 2004 surgery and subsequent treatment to the incident at Wal-Mart.

To allow the plaintiff's medical records or reports regarding her treatment with Dr. Kramer, or to allow Dr. Kramer's testimony, to be admitted into evidence now, on the eve of trial, would be prejudicial to the defendant. Based upon said prejudice to defendant, as well as the failure of Dr. Kramer's as co-surgeon's inability to state that the alleged incident of November, 1999 was the primary incidental cause, within a reasonable degree of medical probability, of the plaintiff's May 28, 2004 surgery, the defendant respectfully requests that Dr. Kramer's records and testimony be precluded from admission at trial as well.

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that the plaintiff be precluded from admitting into evidence any of her medical records relating to her treatment with Dr. F. Scott Gray, beginning with her treatment with him in October, 2003 and up through her treatment with him in September, 2004, including her surgery of May 28, 2004. In addition, the

7

defendant respectfully requests that the plaintiff be precluded from introducing any further evidence relating to her treatment and/or surgery by Dr. David L. Kramer.

The Defendant prays that its Motion to Preclude be granted.

DEFENDANT,
WAL-MART STORES, INC.,

By _____
Anita M. Varunes
Federal Bar No.: 04993
Kenny & Brimmer, LLC
Its Attorney
5 Grand Street
Hartford, CT 06106
Tel. No.: (860) 527-4226

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on this 23rd day of February, 2005, to:

Joseph D. Foti, Jr.
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue, Suite 207
Cheshire, CT 06410-1135

_____
Anita M. Varunes

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW • FIVE GRAND STREET • HARTFORD, CONNECTICUT • 06106-1505 • JURIS NO. 31232
(860) 527-4226 • FAX # (860) 527-0214