FILED

2005 MAR -9 P 12: 47

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUCY VACCARELLA, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No. |
| | ) |
| WAL-MART STORES, INC. | ) 301-CV-834 WWE |
| Defendant | ) |
| | ) March 8, 2005 |

### PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO PRECLUDE DATED FEBRUARY 23, 2005

On February 23, 2005 the defendant filed a Motion to Preclude pursuant to Rule 26 of the Federal Rules of Civil Procedure. The Motion to Preclude is directed towards the medical records and reports relating to the plaintiff's treatment with doctors F. Scott Gray beginning in October, 2003 and up to September 24, 2004 and the medical records reports relating to the plaintiff's treatment with Dr. David L. Cramer relating to back surgery that the plaintiff undertook in May 28, 2004. As the Court knows through status conferences, the plaintiff has continued to treat with her doctors since the original date of the incident of November 20, 1999. The plaintiff sustained significant back injuries as a result of her accident in Wal-Mart. Up until the time of her May, 2004 back surgery, the plaintiff had been treating with Dr. David Kloth for pain management. The plaintiff's surgery in May, 2004 lasted several days and the plaintiff was laid up for several weeks re-cooperating. Once

the plaintiff was able to obtain the entire medical records with regard to the surgery and once the doctors who preformed the surgery were able to review Lucy Vacarella's medical history, they were able to offer an opinion as to whether the surgery in May, 2004 was related to this accident or not.

During a telephonic status conference before Judge Eginton on October 5, 2004, the Court and the defense were made aware that the surgery in 2004 had been successful but that the plaintiff was awaiting records from the doctor as to what the surgery was comprised of and what procedures were performed. As records were received from the treating physicians, the records were supplied to defense counsel immediately. Dr. Gray, on January 18, 2005, provided a letter to plaintiff's counsel advising as to the causal connection between the incident in Wal-Mart in November, 1999 and the need for the May, 2004 surgery. Upon receipt, the plaintiff immediately faxed a copy of this letter to defense counsel so that defense counsel would have it and provide it to the Independent Medical Examination doctor that had been agreed upon between the parties. Additionally, Dr. Kramer has also provided an opinion with regard to the May, 2004 surgery. Upon receipt of that letter from Dr. Kramer, the plaintiff immediately faxed this letter to defense counsel under their continuing duty to disclose. Dr. Kramer states in his letter dated February 20, 2005, that he was involved in the May 21, 2004 surgery. According to his letter, Lucy Vacarella had to undergo that surgery in May, 2004 to address a degenerative spinal deformity that developed secondary to her prior short segment spinal fusion which according to Dr. Kramer was

related to her injury of November, 1999 at Wal-Mart. Dr. Kramer then goes on to state that he would state within a reasonable degree of medical probability that the surgery preformed in May, 2004 flows from the injury suffered by Lucy Vacarella in the November, 1999 incident at Wal-Mart.

The plaintiff is not attempting to ambush the defendant in any manner. In fact the plaintiff has continually treated for her significant injuries that result not only from the Wal-Mart incident but a pre-existing condition which was exacerbated by the Wal-Mart incident. As defense counsel knows, the plaintiff's condition has been worsening which has necessitated her continued treatment and has also necessitated several continuances of the Court trial due to her continued treatment. In addition, prior to her actual surgery, defense counsel and the Court were made aware of the plaintiff's assertions that there was a belief that the need for surgery was related to the accident and that we could not tell for certain until the surgery was completed and the doctors had an opportunity to review her entire medical history since they were not all the original treaters from her pre-Wal-Mart incident. The plaintiff could not know during the original scheduling of the trial that she would need to undergo this significant surgery. The plaintiff had to undergo serious risks during the surgery because her pain had gotten so bad that she could not stand her everyday activities any longer. Due to the significance of her surgery and the amount of time it took for all of the medical records and for the doctors to formulate their opinions with regard to the causal connection, the plaintiff should not now be penalized for that which she could not control.

3

The plaintiff has undergone her Independent Medical Examination with the defendant's doctor and the medical records of the treating doctors for the May, 2004 surgery were provided for that examination. In the alternative to precluding the plaintiff's treaters, the plaintiff would respectfully request that the Court grant whatever additional time would be necessary for the defendant to address the medical treatment for the May, 2004 surgery, although these records were provided in time for the Independent Medical Examination of the plaintiff.

The plaintiff respectfully objects to the defendant's Motion to Preclude the medical records of doctors Gray and Kramer with regard to the May, 2004 surgery inasmuch as they were provided as soon as they had been received by the plaintiff and that the defendant was aware of the fact that the surgeries were taking place and in fact participated in discussions prior to the surgeries regarding the possible connection that was going to be made by the doctors to the November, 1999 Wal-Mart accident.

THE PLAINTIFF,
LUCY VACARELLA

BY _____
Joseph D. Foti
Federal Bar CT 00721
Moore, O'Brien, Jacques & Yelenak
Her Attorneys
700 West Johnson Avenue, Suite 207
Cheshire, Connecticut 06410
Tel. No. (203) 272-5881

4

MOORE, O'BRIEN, JACQUES & YELENAK • ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on March 8, 2005, as follows:

Anita Varunas, Esquire
Kenney & Brimmer, LLC
5 Grand Street
Hartford, CT 06106
Attorney for Defendant:   Wal-Mart Stores, Inc.

By_____
    Joseph D. Foti

5

MOORE, O'BRIEN, JACQUES & YELENAK • ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on March 8, 2005, as follows:

Anita Varunas, Esquire
Kenney & Brimmer, LLC
5 Grand Street
Hartford, CT 06106
Attorney for Defendant:   Wal-Mart Stores, Inc.

By_____
    Joseph D. Foti

5

MOORE, O'BRIEN, JACQUES & YELENAK • ATTORNEYS AT LAW
700 WEST JOHNSON AVENUE • SUITE 207 • CHESHIRE, CT 06410-1135 • TEL. (203) 272-5881 • JURIS NO. 408519