UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUCY VACCARELLA<br>Plaintiff | )<br>)<br>)   Civil Action No.|
| V. | )   301-CV834 (WWE)<br>) |
| WAL-MART STORES, INC.<br>Defendant | )<br>)   MARCH 16, 2005 |

**DEFENDANT'S REPLY TO PLAINTIFF'S OBJECTION
TO DEFENDANT'S MOTION TO PRECLUDE DATED FEBRUARY 23, 2005**

The Defendant in the above-captioned matter, Wal-Mart Stores, Inc., hereby replies to Plaintiff's Objection to Defendant's Motion to Preclude dated February 23, 2005. In its Motion to Preclude, the Defendant respectfully requested that the Plaintiff be prohibited from introducing all of her medical records/reports relating to her treatment with Dr. F. Scott Gray beginning in October, 2003 and up to September 24, 2004, including the back surgery which Plaintiff underwent on May 21, 2004, that the Plaintiff claims is related to her alleged injury on November 20, 1999 at a Wal-Mart store in Naugatuck, Connecticut. By way of this motion, the Defendant also moved to preclude the Plaintiff from introducing any further evidence, specifically, her medical records/reports relating to her treatment with Dr. David L. Kramer, who assisted Dr. Gray with the back surgery that the Plaintiff underwent on May 21, 2004.

The trial in this matter is scheduled to begin on March 28, 2005. Plaintiff disclosed Dr. Gray as an expert witness in her Supplemental Disclosure of Expert Witness dated January 24, 2005. This Supplemental Disclosure was filed in Connecticut Superior Court, not in the United States District Court for the District of Connecticut. The U.S. District Court is the correct court within which this matter is pending and Plaintiff's Supplemental Disclosure of Expert was, therefore, filed in the incorrect court. This issue notwithstanding, the basis for the Defendant's Motion to Preclude was the fact that said Supplemental Disclosure of Expert, Dr. Gray, was not filed 90 days prior to trial as required by Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. The Defendant's Motion to Preclude was also based on the fact that Dr. Gray, the main surgeon performing the Plaintiff's May 21, 2004 surgery, was himself unable to state within a reasonable degree of medical probability that the Plaintiff's treatment and back surgery was caused by the alleged incident at Wal-Mart.

Second, it was not until after the Defendant filed its Motion to Preclude on February 23, 2005, that it received from Plaintiff's counsel, via facsimile, a letter dated February 20, 2005 from Dr. David L. Kramer, the surgeon assisting Dr. Gray with the Plaintiff's May 21, 2004 surgery. In this late-received letter, Dr. Kramer relates the surgery performed on May 21, 2004 to the alleged injuries suffered by the Plaintiff on November 20, 1999, within a reasonable degree of medical probability. However, Dr. Kramer also states "As you may be aware, I was the consulting spinal surgeon, who assisted Dr. F. Scott Gray on this procedure. Dr. Gray has had a long-term relationship with Ms. Vaccarella and

may be able to more accurately provide additional details relating Ms. Vaccarella's extensive spinal surgical history to the 11-20-99 incident." (A copy of this letter is attached hereto and marked as "Exhibit A")

Therefore, while Dr. Kramer himself relates the Plaintiff's surgery of May 21, 2004 to her alleged incident at a Wal-Mart store in Naugatuck, Connecticut, he defers to the main surgeon in this matter, Dr. Gray. Dr. Gray had been treating the Plaintiff from October, 2003 through September, 2004. Dr. Gray, in a letter to Plaintiff's counsel dated January 18, 2005, maintains that he could **not** state within a reasonable degree of medical probability that the Plaintiff's treatment and back surgery of May 21, 2004 was caused by the Plaintiff's alleged incident at Wal-Mart that is the subject of the present lawsuit.

That is, while the assistant surgeon in the Plaintiff's back surgery of May 21, 2004, causally relates the Plaintiff's back surgery to her alleged incident of November 20, 1999 at a Wal-Mart store in Naugatuck, Connecticut, the Plaintiff's main treating surgeon, Dr. Gray, could not state within a reasonable degree of medical probability that the Plaintiff's alleged injury of November 20, 1999 was the primary incidental cause of her pain or surgery in May of 2004. Specifically, Dr. Gray stated in a January 18, 2005 to the Plaintiff's attorney that Ms. Vaccarella's alleged injury at Wal-Mart was "a part of the causation of her worsening symptoms, however, not the primary incidental cause of her pain or subsequent need for surgery. My feeling is that at most there is a 40% contribution to the more rapid need for her surgical endeavor. This is my feeling within reasonable medical probability."

Third, contrary to the assertions of Plaintiff's counsel, the eleventh hour production to Defendant's counsel of Dr. Gray's and Dr. Kramer's letters dated January 18, 2005 and February 20, 2005 respectively, are prejudicial to the Defendant. As stated in the Defendant's Motion to Preclude dated February 23, 2005, the trial in this matter has been rescheduled on a number of occasions as Plaintiff's counsel indicated to both the court and to defense counsel that the Plaintiff was continuing to treat. However, as late as October, 2004, Plaintiff's counsel stated to Defendant's counsel at a status conference that he did not know whether Dr. Gray would causally relate the May, 2004 surgery to the alleged incident of November 20, 1999. Therefore, Defendant's counsel was not on notice that there would be any relation made between the alleged incident and the Plaintiff's surgery of May 21, 2004.

What is more, as stated above, the letter from the Plaintiff's main treating surgeon, Dr. Gray, dated January 18, 2005, indicated that there is **not** a primary causal relationship between the Plaintiff's alleged incident at the Wal-Mart store and her May 21, 2004 surgery. Therefore, the February 20, 2005 letter from Dr. Kramer, which letter was not faxed to Defendant's counsel until after it had filed its Motion to Preclude, came as a surprise in causally relating the Plaintiff's surgery to the alleged incident of November 20, 1999.

For Plaintiff's counsel to produce a letter in February of 2005, some nine months after the Plaintiff's surgery in May of 2004, which letter now describes a causal relation as stated by the assistant surgeon between the May, 2004 surgery and the November, 1999 incident, when no such mention had been

made prior to this date, and when in fact, the most recent communication from the main surgeon in this case could not so relate the two is in fact a surprise to Defendant's counsel and is, therefore, prejudicial to the Defendant.

With trial scheduled to begin in less than two weeks, if the Plaintiff were allowed to introduce into evidence, the records and reports of her treatment and surgery with Drs. Gray and Kramer, the Defendant would not be able to adequately prepare its defense.

WHEREFORE, the Defendant respectfully requests that its Motion to Preclude dated February 23, 2005 be granted and that the Plaintiff be precluded from admitting into evidence any of her medical records relating to her treatment with Dr. F. Scott Gray, beginning with her treatment in October of 2003 and up to and including her treatment with him in September, 2004, including her surgery of May 21, 2004. In addition, the Defendant respectfully requests that the Plaintiff be precluded from introducing any further evidence relating to her treatment and/or surgery by Dr. David L. Kramer. The causal relationship as stated by Dr. Kramer in his letter to Plaintiff's counsel of February 20, 2005, is a surprise as no communications or letters from Plaintiff's counsel or Plaintiff's experts prior to February 23, 2005, indicated that the Plaintiff's surgery of May 21, 2004 could be primarily casually related to the alleged incident at Wal-Mart in November of 1999. Finally, the Plaintiff has not disclosed Dr. David L. Kramer as an expert witness and should be precluded from doing so at this late juncture.

Wherefore, the Defendant respectfully requests that its Motion to Preclude be granted.

DEFENDANT,
WAL-MART STORES, INC.,

By *[signature: Anita M. Varunes]*
Anita M. Varunes
Federal Bar No.: 04993
Kenny & Brimmer, LLC
Its Attorney
5 Grand Street
Hartford, CT 06106
Tel. No.: (860) 527-4226

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW
FIVE GRAND STREET • HARTFORD, CONNECTICUT 06106-1505 • (860) 527-4226 • FAX # (860) 527-0214 • JURIS NO. 31232

## ORDER

The foregoing Motion to Preclude having been duly heard by the Court, it is hereby ORDERED: GRANTED/DENIED.

BY THE COURT,

_____
Judge/Clerk

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed on this 16th day of March, 2005 to:

Joseph D. Foti, Jr.
Moore, O'Brien, Jacques & Yelenak
700 West Johnson Avenue, Suite 207
Cheshire, CT 06410-1135

*Anita M. Varunes* (signature)
Anita M. Varunes

KENNY & BRIMMER, LLC • ATTORNEYS AT LAW
FIVE GRAND STREET • HARTFORD, CONNECTICUT 06106-1505 • (860) 527-4226 • FAX #(860) 527-0214 • JURIS NO. 31232

EXHIBIT A

# Connecticut Neck & Back Specialists LLC

20 Germantown Road
Danbury, CT 06810
Tel 203 744 9700
Fax 203 744 9701
www.ctneckandback.com

David L. Kramer M.D.
Jennifer Madonia Barr PA-C

February 20, 2005

Attorney Joseph D. Foti
Moore, O'Brien, Jacques, and Yelenak
Attorneys at Law, Westgate Office Center
700 West Johnson Avenue STE 207
Cheshire, CT 06410-1135

RE: Lucie Vaccarella
DOB: 04/02/1942
FILE #: 1429906

Dear Attorney Foti:

The following letter is written in response to your questions pertaining to your client, my patient, Ms. Lucie Vaccarella. As you are aware, I was involved in Ms. Vaccarella's most recent lumbar spinal fusion that was performed on 05/21/2004. Surgery at that time was directed at addressing a degenerative spinal deformity that in reality developed secondary to her prior short segment spinal fusion. In other words, this patient developed a decompensation of her spinal alignment above and below the prior spinal fusion performed in Waterbury. As that prior spinal stabilization procedure was ultimately related back to her injury of 11/20/1999, I would have to state that within reasonable degree of medical probability, my surgery performed on 05/21/2004 does indeed flow from the injuries suffered by Ms. Vaccarella in the 11/20/1999 incident. As you may be aware, I was a consulting spinal surgeon, who assisted Dr. F. Scott Gray on this procedure. Dr. Gray had had a long-term relationship with Ms. Vaccarella and may be able to more accurately provide additional details relating Ms. Vaccarella's extensive spinal surgical history to the 11/20/1999 incident. If I could be of any further assistance, please feel free to contact me.

Very truly yours,

David L. Kramer, M.D.